No. 44,273

State of Kansas, *Appellee,* v. Howard C. Hunt, *Appellant.*

(424 P. 2d 571)

Opinion filed March 4, 1967.

*Roy Cook,* of Kansas City, was on the brief for appellant.

*James N. Snyder, Jr.,* Assistant County Attorney, argued the cause and *Joseph J. Dawes, Jr.,* County Attorney, was with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: The defendant Howard C. Hunt was convicted of burglary of and larceny from a grocery store in Lansing, Kansas. He appeals from such conviction and specifies certain trial errors as a basis for this appeal.

Summarizing the facts in the record it appears the Ronnebaum grocery store in Lansing was burglarized one evening and over a hundred cartons of cigarettes were taken. A witness saw the defendant and two other men in front of the grocery store that evening. They were seated in a car and the witness did not see any of the men enter or leave the store. At 9:30 the following morning

the police dispatcher in Kansas City, Kansas, put out a radio bulletin on a 1950 blue over yellow Oldsmobile car with three colored occupants and containing a large quantity of cigarettes in the back seat. Instructions were given to stop and investigate the parties. The description of the car included Wyandotte county license number 75687. Officer Bowman of the Kansas City police received the bulletin and located the car in front of a business establishment at 18th and Minnesota Avenue. There were two men seated in the car and as the officer approached on foot he saw a large quantity of cigarettes in the back seat of the car. The two occupants were interviewed. They gave several different stories concerning the cigarettes and when the defendant came out of the business establishment they identified him as the owner and driver of the car. The defendant was asked about the cigarettes and he gave several conflicting stories. An arrest was made without a warrant. The defendant and his car were taken a short distance to the police station and immediately on arrival the two boxes containing cartons of cigarettes were removed from the back seat of the car and a third box containing cartons of cigarettes was removed from the trunk of the car.

At the trial defendant objected to the introduction into evidence of the three boxes of cigarettes taken without a search warrant. He claimed the actions of the officer constituted an unlawful search and seizure which violated his constitutional rights under the Fourth Amendment.

This court recently examined a similar factual situation in *State v. Blood,* 190 Kan. 812, 378 P. 2d 548, and on page 818 of the opinion said:

"It is fundamental that a search without a warrant is, within limits, permissible if incident to a lawful arrest. But if an arrest without a warrant is to support an incidental search, such arrest must be made with *probable cause.* Probable cause is said to exist if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. [Citing cases.]

"Where a lawful arrest is made and the person arrested is the driver or in control of an automobile, the automobile may be searched as an incident of the arrest. This includes the whole interior of the automobile and the trunk. [Citing cases.] The search of the interior of the automobile and the seizure of evidence, if incident to a lawful arrest, is reasonable, and whatever is found upon his person or in his control, which it is unlawful for him to have, and which may be used to prove the offense, may be seized and held as evidence in the prosecution." [Citing cases.]

In that case evidence seized by the officers without a search warrant was viewed through the window of the auto. It was held that no unlawful search was made in locating the evidence because no trespass was committed as condemned by the Fourth Amendment. The knowledge of the presence of the fruits of the crime was gained by the vision of the officer, and when coupled with the surrounding circumstances there appeared probable cause to arrest the defendant without a warrant. Such an arrest supports the validity of the seizure of the fruits of the crime which were in full view and justified an additional search of the trunk of the car as incidental to the arrest.

In the present case the officer located the defendant and his car in response to a police radio bulletin. The officer saw the cigarettes in the car as he approached on foot. The quantity of cigarettes was abnormal for an ordinary citizen to be carrying with him in his private car. Defendant was interviewed and he gave three different stories as to the presence of the cigarettes. An arrest under these circumstances was made on probable cause. Seizure of the cigarettes was incidental to the arrest. They were located without a search, and a seizure of the cigarettes was effected after a lawful arrest. The search of the car trunk was incidental to the lawful arrest under the authority of *State v. Blood,* supra. An officer has a right to make a search of the car when it is incidental to a lawful arrest.

Defendant urges that the search and seizure was unlawful because the cigarettes were not discovered in the trunk of the car until the car had been moved to the police station. The record indicates that the cigarettes were removed from the back seat and the trunk of the car immediately on arriving at the police station. The station was only a few minutes drive from the place of the initial investigation.

The question was adequately answered in *State v. Wood,* 197 Kan. 241, 246, 416 P. 2d 729, where this court examined similar facts in the light of *Preston v. United States,* 376 U. S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881, and stated:

"We doubt that *Preston* can be interpreted to mean that a police officer must search the vehicle at the moment of arrest when an equally prudent course of action would be to move the vehicle to a more convenient or suitable location for the search. We are more inclined to believe that the holding in *Preston* turned upon the lack of continuity of purpose by the arresting

officer. (See *Price v. United States*, 348 F. 2d 68, [D. C. Cir. 1965], and *Arwine v. Bannan*, supra.)

"The question of reasonableness of a search must be resolved from the facts and circumstances of each particular case. Our view of the evidence in the instant case is that the arrest of the defendant, the removal of the automobile and its search were a series of events constituting one continuous happening. Under such circumstances, the search occurred substantially contemporaneous with and incidental to the arrest. The fact defendant was not present did not prevent the search from being incidental to his arrest."

The cigarettes taken from the trunk of the car were merely cumulative. The two boxes of cigarettes removed from the back seat of the car were properly admitted in evidence. Assuming that the cigarettes from the trunk of the car were inadmissible, such cumulative evidence would constitute harmless error under the facts and circumstances of the present case. (*State v. Wood*, supra.)

The cases cited by defendant to sustain his contention that the cigarettes were inadmissible in evidence are readily distinguishable upon the facts of this case and are not considered sufficiently persuasive to justify detailed comparison.

The defendant objects to the method used in impaneling the jury. Defendant's attorney made the following request prior to the *voir dire* examination of the jury: "The defendant requests that the old method of selecting the jury be used in that only twelve be put in the box."

Thereafter a panel of twenty-four jurors was qualified on *voir dire* examination. No further explanation of defendant's request was made until after the state and the defendant had exercised two peremptory challenges each. At that time defendant objected to the method being used to select the jury. He wanted twelve people put in the jury box and if one be stricken then another person called and examined rather than to qualify twenty-four and then be "forced" to strike at random. After reference was made to the statute K. S. A. 62-1412 the attorney for the prosecution stated he preferred to follow the method set out in this statute. After argument the parties continued to exercise peremptory challenges until defendant had one peremptory challenge remaining. At that time defendant waived his last peremptory challenge. The court then struck one of the members of the panel at random in order to reduce the number of jurors to twelve.

K. S. A. 62-1412 was passed in 1949 and reads:

"The proceedings prescribed by law in civil cases in respect to the impaneling of jurors, the keeping them together, and the manner of rendering their verdict, shall be had upon trials on indictments and information for criminal offenses, except in cases otherwise provided by statute: *Provided,* That in all trials of a felony, upon the request of either the state or the defendant, the court shall cause enough jurors to be called, examined, and passed for cause before any peremptory challanges are required, so that there will remain sufficient jurors, after the number of peremptory challenges allowed by law for the case on trial shall have been exhausted, to enable the court to cause twelve (12) jurors to be sworn to try the case."

The request contemplated by this statute when made in proper time requires the court to follow the procedure which was followed in our present case. Failure to make timely request would not automatically require the court to follow any other particular method. The defendant does not make it clear how prejudice resulted from the method used. He argues that since he refused to make his last peremptory challenge the court acted arbitrarily in striking one juror at random in order to reduce the jury to twelve men. Our court has held that peremptory challenge is a right which may be waived. (*State v. Hayes,* 169 Kan. 505, 219 P. 2d 442.) It has been held no reversible error results in permitting a party to challenge several jurors at a time rather than to alternate the peremptory challenges. (*State v. Swartz,* 87 Kan. 852, 126 Pac. 1091.) The defendant makes no suggestion that any of the jurors were biased or prejudiced against him. When the defendant waived his sixth peremptory challenge he was saying that all those remaining were acceptable to him. Any twelve of those remaining should likewise be acceptable.

In *Rees v. Railroad,* 156 Mo. App. 52, 135 S. W. 981, that court said:

"It is the universal rule of decision that no party has a vested right in a particular juror until such juror has been accepted and sworn; and the same is true of an entire panel. The doctrine is that the privilege of challenge is the right to reject." (p. 59.)

The trial judge violated no vested right of defendant by striking the final name from the panel. When a defendant fails or refuses to exercise his remaining peremptory challenges the court may strike the required number from the panel at random in order to reduce the jury to the correct number. We see no prejudice to defendant in the method used to impanel the jury.

K. S. A. 62-1718 reads:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

The defendant predicates error upon an alleged improper question asked by the prosecutor on cross-examination of the defendant. The defendant had testified he worked at a Kansas City service station for eight of the past ten years. The prosecutor then asked him if he had ever been convicted of a felony. The defense counsel objected to the question and moved for a mistrial. The question was not answered. The trial court sustained the objection to the question and overruled the motion for mistrial. The court admonished the jury to disregard the question. The matter was argued to the court outside the presence of the jury. The prosecutor pointed out that he had an F. B. I. report on the defendant which indicated defendant had been confined in prison from 1959 to 1961 and the question was asked to rebut the obviously untrue statement of defendant as to his prior employment. The court refused to change his prior ruling. No further reference to the matter was made during the trial.

K. S. A. 60-455 provides:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to sections 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

The question was asked in good faith to discredit a prior statement of defendant. No answer was given. The jury was admonished to disregard the question. We see no prejudicial error which would justify a new trial. The admissibility of evidence of prior crimes has been considered in *State v. Myrick,* 181 Kan. 1056, 317 P. 2d 485, and in *State v. Wright,* 194 Kan. 271, 398 P. 2d 339, and the law stated in those cases should be considered before attempting to introduce evidence of prior crimes. No evidence of prior crimes was admitted in the instant case.

All other contentions of appellant contained in his abstract and brief have been examined and found without merit. We find no prejudicial error in the record on appeal.

The judgment of the trial court is affirmed.