**UNITED STATES of America,
Appellee,**

v.

**Elvin Lee BYNUM, et al., Appellants.**

No. 730, Dockets 72–1857, 72–1884, 72–2101, 72–1763, 72–1242 and 72–2143.

United States Court of Appeals,
Second Circuit.

Submitted March 17, 1975.

Decided March 26, 1975.

534

Henry J. Boitel, New York City, for appellant Bynum.

Patrick M. Wall, New York City, for appellants Cordovano, Wright, Small, Mitchell, Garnett and Dyson.

H. Elliot Wales, New York City, for appellants Coniglio, Mele and Tuzzolino.

Frank Lopez, Brooklyn, N. Y., for appellant Altamura.

Amedeo Lauritano and Joel Winograd, New York City, for appellant Feroldi.

Morrow D. Mushkin, Garden City, N. Y., for appellant Birnbaum.

Levis Nedd, pro se.

Paul J. Curran, U. S. Atty., Southern District of New York (W. Cullen MacDonald and Lawrence S. Feld, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and MULLIGAN, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

The facts relevant to the convictions of these appellants, defendants in a far-ranging narcotics conspiracy, are set forth in United States v. Bynum, 485 F.2d 490 (2d Cir. 1973), and thus need not be repeated here.[1] Subsequent to its decisions in United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), and United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974), the Supreme Court vacated the judgment of this court and remanded for further consideration in light of those cases. On June 18, 1974, we remanded to the district court for appropriate reconsideration of the admissibility of wiretap interceptions introduced at trial, and after hearing evidence relevant to the procedures followed for authorization, Judge Pollack concluded that *Giordano* and *Chavez* did not require suppression. We affirm.

■ On this occasion, the appellants claim that Judge Travia's extension order permitting interceptions to continue over telephone number 212–342–6203 until March 3, 1971 was improperly authorized, since neither Attorney General Mitchell nor an Assistant specially designated by him approved the application. We note at the outset that appellants Abraham Wright, Lance Small, Newbry Mitchell, Jacqueline Fuller Dyson, John Coniglio, Angelo Mele, Vincent Altamu-

---

1. *See also* United States v. Bynum, 475 F.2d 832 (2d Cir. 1973), on remand, United States v. Bynum, 360 F.Supp. 400 (S.D.N.Y.1973).

ra, Irving Birnbaum, John Feroldi, Charles Tuzzolino, and Levis Nedd did not participate in the four "extension" conversations here in dispute, nor did any of them have an interest in the premises at 655 Linden Blvd. They are, consequently, not "aggrieved persons" within the meaning of 18 U.S.C. §§ 2510(11) and 2518(10)(a), and have no standing to contest the admission of the evidence at their trial. United States v. Capra, 501 F.2d 267, 281 (2d Cir. 1974); United States v. Garcilaso de la Vega, 489 F.2d 761, 763 (2d Cir. 1974); 1968 U.S.Code Cong. & Admin.News, p. 2185.

 Fannie Mae Barnett, as a resident at 855 Linden, would obviously have standing to object to introduction of the four conversations if they provided evidence against her. But none of the calls referred to her directly or indirectly, and it was never claimed that they constituted proof of her participation in the conspiracy. Thus any error as to Garnett was harmless.

 Although we agree with Bynum's and Cordovano's contention that 18 U.S.C. § 2518(5) contemplates an authorization procedure for extensions similar to that required for initial applications,[2] we conclude that the contents of the four extension recordings introduced were merely cumulative as to them. Little was added to the Government's case against Cordovano by the introduction of calls # # 2312 and 2463 (Govt. Exhibits 75, 85) in which he participated. Both George Stewart and Charles Moody testified about direct narcotics dealings with Cordovano. Moreover, he was ar-

rested in possession of cocaine, and a sub-machine gun described by Moody as belonging to him was found in a neighbor's house. Finally, the recordings of ten other telephone conversations in which he participated between February 20 and March 6, 1971, all properly intercepted, provided both additional evidence and corroboration of Stewart's testimony. It is clear to us from "our own reading of the record and . . . what seems to us to have been the probable impact . . . on the minds of an average jury," Harrington. v. California, 395 U.S. 250, 254, 89 S.CT. 1726, 1728, 23 L.Ed.2d 284 (1969), that admission of the extension interceptions against Cordovano was at most harmless error. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

We reach a similar conclusion as to Bynum. Stewart not only testified about his own numerous dealings with Bynum, but provided a sample of cut cocaine received from Bynum on January 10, 1971, and the $65,000 in cash delivered to him at Bynum's request on February 25, 1971. Moody testified concerning Bynum's part in planning the aborted Washington, D. C. robbery. And Bynum himself admitted having been at the places where he had been observed by agents Theodore Handoga and Richard Moser. Finally, an examination of the calls themselves shows that their direct evidentiary and corroborative value was at best minimal.

Affirmed. The judgment of this court vacated June 18, 1974 is reinstated.

---

2. 18 U.S.C. § 2516(1), for example, provides that the Attorney General may authorize an interception order "when such interception may provide *or has provided* evidence of [specified crimes]." [Emphasis added.] It is difficult to understand what the phrase "has provided evidence" refers to, unless it be that the phone for which a tap is requested has already been the subject of surveillance.

Moreover, § 2518(5) provides that
Extensions of an order may be granted, but only upon application for an extension made

in accordance with subsection (1) of this section and the court making the findings required by subsection (3) of this section. Subsection (1) of § 2518 states that each application shall include
(a) *the identity of* . . . the officer authorizing the application . . . .
Section 2516, however, makes clear that the only officers who can authorize applications are the Attorney General or an Assistant specially designated by him.