STATE of Iowa, Appellee,

v.

Dennis Lee WRIGHT, Appellant.

No. 58352.

Supreme Court of Iowa.

July 30, 1976.

William L. Kutmus, and Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Warren A. Reiter, County Atty., for appellee.

Submitted to Moore, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for breaking and entering in violation of § 708.8, The Code. His sole contention is that the trial court erred in overruling his pretrial motion to suppress evidence seized under a search warrant. We affirm the trial court.

This charge is based on a break-in of the Lester H. Claussen home in Pella on January 11, 1974, in which $10,000 to $15,000 in currency and coins was stolen. Details of the State's evidence are not relevant since the only issue here is whether evidence seized from defendant's residence under a search warrant should have been suppressed. Nineteen silver dollars seized in that search were identified by Claussen at trial as having been taken in the theft and were received in evidence.

The search warrant was issued by Jasper County magistrate O. C. Omer on January 17, 1974, six days after the break-in of the Claussen home. The information on which the warrant was issued was furnished to the magistrate by Eugene J. Meyer, a special agent of the state bureau of criminal investigation. Meyer gave an affidavit and testified orally. Although the magistrate made an abstract of Meyer's oral testimony, which he attached by paper clip to the information for warrant, the abstract could not be found at the time of the suppression hearing.

The State agrees that the search warrant must stand or fall on the facts recited in Meyer's affidavit. *State v. Liesche,* 228 N.W.2d 44, 48 (Iowa 1975).

That affidavit included the following pertinent statements: (1) on October 5, 1973, Dennis Lee Wright purchased a 1974 green and white Chevrolet pickup truck from Moyer Chevrolet in Ankeny; (2) on October 7, 1973, Ken Wombolt of Solon reported his home was burglarized and 38 silver dollars, dated in 1800 and 1900, were stolen, along with a large roll of foreign currency; (3) on October 8, 1973, Dr. Margaret Fox reported her home was burglarized; a number of foreign coins and antique American coins, including several two and three-cent pieces,

were stolen; (4) Johnson County Deputy Sheriff Al Barnes reported there were a number of other home burglaries in the area during the same time in which foreign and American coins, as well as an antique Los Angeles street-car token, were taken; he ascertained that a late model green and white Chevrolet pickup was observed in the area; (5) on November 16, 1973, Wright was convicted of breaking and entering in Black Hawk County; on November 21, 1973, he and his wife were charged with burglary in Story County; (6) Mr. J. Edge, vice president of the State Savings Bank, Baxter, Iowa, reported that on December 15, 1973, Wright sold him silver coins valued at several hundred dollars which were contained in a coffee can; he saw a number of foreign coins and an antique Los Angeles street-car token in the can; (7) Loy Holtsclaw of Baxter reported he was doing carpentry work for the Wrights and they were paying him in cash; he said Mrs. Wright obtained change from a coffee can under the sink to pay him on January 4, 1974, and gave him a three-cent piece for a dime, which he called to her attention and returned to her; (8) on January 11, 1974, between 10:00 a. m. and noon, the residence of Lester Claussen was burglarized and between $10,000 and $12,000 in cash was stolen; a vehicle matching the description of Wright's pickup was seen parked near the house; at about 3:00 p. m. on that date, the Wrights were identified cashing $3,000 in $20 bills at two banks in Ankeny.

■ The question is whether this information constituted probable cause for issuance of the search warrant. Probable cause exists when the facts and circumstances presented to the judicial officer are sufficient to justify the belief of a person of reasonable caution that an offense has been or is being committed. *State v. Easter,* 241 N.W.2d 885, 886–887 (Iowa 1976), and citations.

■ Defendant's twelve brief points present two basic issues: whether the affidavit presented mere unsupported conclusions regarding illegal activity and whether

the information was entitled to be credited by the magistrate.

The affidavit recited reports of several burglaries which occurred during the period October 3, 1973, through January 11, 1974, and circumstantial evidence which tended to link defendant to them. The items taken in those burglaries included foreign coins, silver dollars, three-cent pieces, and a Los Angeles street car token. Defendant was observed subsequently in possession of foreign coins, silver coins, a three-cent piece, and a Los Angeles street car token. He did not keep the coins in the manner a collector would. A pickup truck like his was reported observed in the area of several of the Johnson County burglaries. Defendant suffered a conviction for breaking and entering and was charged with burglary during the period involved. A pickup truck matching the description of his vehicle was seen at the Claussen residence during the time the Claussen break-in occurred. A large amount of cash was stolen in the break-in. Three to five hours later defendant and his wife were observed exchanging $3000 in $20 bills for bills of other denominations at two Ankeny banks.

The citizen reports of burglaries contained more than conclusions. Those reports provided information regarding the dates and places of the burglaries and details regarding what was stolen. Items of a unique character like those stolen in the burglaries were later observed in defendant's possession in suspicious circumstances. Although several statements in the affidavit are conclusions, substantial detail was also provided. Defendant's contention that the affidavit contained mere unsupported conclusions is without merit.

■ Defendant's contention that the magistrate had inadequate basis to credit the information presented in the affidavit is similarly specious. Several of the citizen informants were specifically identified. Their information was set forth in detail. The showing of reliability necessary to support crediting information from a citizen informant is considerably less than that necessary to support information received from a professional informant. *State v. Drake,* 224 N.W.2d 476, 478 (Iowa 1974). Reports of crime and suspicious activity by citizens bear their own indicia of reliability. Moreover, the detail of the information supports its reliability. *Spinelli v. United States,* 393 U.S. 410, 417, 89 S.Ct. 584, 589, 21 L.Ed.2d 637, 644 (1969); *State v. Easter,* supra, at 887. The magistrate was provided far more here than a casual rumor circulating in the underworld or an accusation based only on defendant's general reputation. See *State v. Birkestrand,* 239 N.W.2d 353, 357 (Iowa 1976).

The affidavit did not have the deficiencies of the affidavit in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ The requirements for warrants are practical and not abstract. Warrants are favored. Affidavits are tested and interpreted in a common-sense and realistic fashion. Elaborate specificity is not required. *United States v. Ventresca,* 380 U.S. 102, 106, 85 S.Ct. 741, 744, 13 L.Ed.2d 684, 687 (1965). Defendant's attack on the affidavit here is hypertechnical and without merit.

We hold the warrant issued upon probable cause. The trial court did not err in overruling defendant's motion to suppress.

AFFIRMED.