STATE of Iowa, Appellee,

v.

David Allen FREEMAN, Appellant.

No. 63734.

Supreme Court of Iowa.

Oct. 15, 1980.

John C. Wellman and Martha Shepard, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., and Dan L. Johnston, Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and SCHULTZ, JJ.

LeGRAND, Justice.

This appeal from a life sentence for murder committed in violation of sections 707.1 and 707.2, The Code 1979, raises questions concerning the admission of certain items of clothing taken from defendant, some upon his arrest and some pursuant to a search warrant. We affirm.

In November 1978, Steven Hill's body was found in his apartment in Des Moines, Iowa. He had been dead for some time. After preliminary investigation by the police, the defendant, who had been a friend of decedent and who had been reported as having been with him shortly before his death, voluntarily submitted to questioning at the Des Moines Police Station.

When the questioning began, defendant was not a suspect. While at the police station, he asked permission to use the men's restroom. Immediately after he had left this area, a police officer found two cards floating in one of the toilets. One was a social security card bearing the name of Steven Hill, the deceased. The other was a Broadlawn's Hospital card in defendant's name. When the police confronted defendant with them, he reacted angrily and demanded an attorney. Principally because of circumstances under which the cards were obtained, defendant was arrested on a charge of murder.

In connection with the arrest and subsequent booking, the police conducted a search of defendant's person. They took the shoes and trousers he was wearing. They were later identified as part of the clothing he was wearing when with Hill the last time he was seen alive. Both the shoes and trousers were stained with human blood. These items were introduced in evidence over defendant's objection that they were illegally seized pursuant to an invalid arrest.

Later the police obtained a search warrant, pursuant to which they searched defendant's living quarters and seized a number of items. Only one of these—a shirt—was introduced at trial. This shirt, which had been worn by defendant when he was last seen with Hill, also contained human blood spots. Defendant objected to the admission of this item on the ground the search warrant was not issued on probable cause. The introduction of these articles of clothing—the shoes, the trousers, the shirt—forms the basis for the issues raised on this appeal.

## I. THE INTRODUCTION OF THE SHOES AND THE TROUSERS.

If defendant's arrest was valid, he concedes the shoes and the trousers taken at that time were properly admitted into evidence. His argument is that this physical evidence should have been rejected because the arrest was invalid.

The arrest was made without an arrest warrant. It therefore must be justified under our statutory provision relating to warrantless arrests. We set out a portion of section 804.7, The Code 1979, which provides as follows:

A peace officer may make an arrest ... without a warrant:

1. For a public offense committed or attempted in the peace officer's presence.

2. Where a public offense has in fact been committed, and the peace officer has reasonable ground for believing that the person to be arrested has committed it.

3. Where the peace officer has reasonable ground for believing that an indictable public offense has been committed and has reasonable ground for believing that the person to be arrested has committed it.

4. Where the peace officer has received from the department of public safety, or from any other peace officer of this state or any other state or the United States an official communication by bulletin, radio, telegraph, telephone, or otherwise, informing the peace officer that a warrant has been issued and is being held for the arrest of the person to be arrested on a designated charge.

■ If defendant's arrest is to be held valid, the circumstances must bring it within the second of the above four paragraphs dealing with warrantless arrests. We hold they do. We have considered arrests made without a warrant on numerous occasions. Whether there is probable cause to arrest must be decided on the particular facts of each case. *State v. Evans*, 193 N.W.2d 515, 517 (Iowa 1972). What constitutes probable cause should be resolved on probabilities based on practical considerations, not on legal technicalities. *State v. Shane*, 255 N.W.2d 324, 326 (Iowa 1977); *State v. Morris*, 227 N.W.2d 150, 152 (Iowa 1975); *Evans*, 193 N.W.2d at 517.

There is nothing in defendant's arrest and the subsequent use of evidence taken pursuant thereto which entitles him to a new trial.

At the time of defendant's arrest, the police had the following information. Hill's body had been discovered in his apartment under circumstances which clearly indicated a homicide; the defendant was known to have associated with decedent and had been with him the last time he was seen alive; defendant, arguably, had in his possession a social security card belonging to decedent; defendant, again arguably, either tried to flush this card down the toilet or accidentally dropped it; and when confronted with this card, defendant reacted in a manner belying innocent possession or denial of possession altogether.

■ We believe the officer had probable cause to arrest defendant. The police need not have firm evidence which might lead to a conviction, or even to an indictment, but merely sufficient information to cause a reasonable man to believe that defendant was involved in Hill's murder. *State v. Harvey*, 242 N.W.2d 330, 340-41 (Iowa 1976).

There may, of course, be other and entirely innocent explanations for why defendant had Hill's social security card. However, when such a document turns up in the possession of one known to have been with the decedent near the time of his death, it is not unreasonable for the police to conclude that person had some part in bringing about the death. In considering the validity of the arrest, it makes no difference whether defendant purposely or inadvertently dropped them in the toilet. The fact that he *had* the victim's social security card is the important point. Defendant's argument someone else may have left the social security card.in the restroom, either immediately before or immediately after he was there, loses any persuasive effect it might otherwise have when we consider the fact that card was found with defendant's own hospital identification card. We hold there was probable cause to arrest defendant. It follows, as defendant admits, the shoes and trousers were admissible at his trial as fruits of a search incidental to a valid arrest.

## II. THE INTRODUCTION OF THE BLOOD–STAINED SHIRT.

Defendant claims the search warrant issued upon the application of Officer Haviland was invalid because it was not based on probable cause. He argues there were no underlying facts presented from which the magistrate could form an independent judgment as to probable cause; that the affidavit upon which the search was based consisted entirely of the officer's conclusions, not, as required by law, upon the magistrate's independent determination. *State v. King*, 256 N.W.2d 1, 12 (Iowa 1977); *State v. Wright*, 244 N.W.2d 319, 320 (Iowa 1976); *State v. Easter*, 241 N.W.2d 885,

886–87 (Iowa 1976); *State v. Boyd*, 224 N.W.2d 609, 614 (Iowa 1974); *State v. Boer*, 224 N.W.2d 217, 219–20 (Iowa 1974); *State v. Spier*, 173 N.W.2d 854, 857–58 (Iowa 1970).

■ We have encouraged the use of search warrants and have stated the applications and supporting affidavits are to be tested in a "common sense and realistic fashion." *State v. Wright*, 244 N.W.2d at 321; *State v. Spier*, 173 N.W.2d at 858. Nevertheless we cannot overlook the requirement of the fourth amendment to the federal constitution that search warrants be issued only upon a showing of probable cause. We find there was no such showing in this case.

There were no underlying facts presented upon which the magistrate could make an independent finding of probable cause. The conclusions were all those of Officer Haviland. The officer, not the magistrate, concluded defendant had possession of the cards and attempted to flush them down the toilet. We do not quarrel with this as *his* conclusion from the information available to him; but the magistrate was not afforded the opportunity to agree or disagree with it. What were really the officer's conclusions were put to the magistrate as established and reliable facts.

■ This case points up the difference between probable cause for arrest and probable cause for issuance of a search warrant. The arrest was valid because it turns on whether the *arresting officer*, as a reasonable person, had cause to believe defendant committed the crime. The search warrant was invalid because these same conclusions were relied on by the magistrate to show good cause. The magistrate must have more than this to go on. He must be apprised of the underlying facts and circumstances, and he must then decide for himself that the warrant should issue. No such facts were given him. *See State v. Hamilton*, 236 N.W.2d 325, 327-28 (Iowa 1975), where we quoted this with approval:

"In *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), Mr. Justice Jackson made this statement:

" 'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement *the support of the usual inferences which reasonable men draw from evidence.* Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' " (Emphasis in original).

■ We hold the magistrate erred in finding probable cause to issue the search warrant on the evidence then before him. However, we do not believe the error demands a reversal. Not every error, even one of constitutional proportions, justifies a new trial or other relief. A defendant is entitled to a fair trial but not necessarily a perfect one. *State v. King,* 256 N.W.2d 1, 12 (Iowa 1977). To deny defendant a new trial we must say the error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 709–10 (1967); *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173 (1963); *State v. Porter,* 283 N.W.2d 351, 353 (Iowa 1979). From our de novo review of the record on this issue, we conclude the error in admitting defendant's blood–stained shirt into evidence was harmless error beyond a reasonable doubt.

Most of the cases finding error in the admission of evidence to be harmless do so on one of two theories: overwhelming evidence of guilt or the cumulative nature of the disputed evidence. We have held in Division I that the shoes and trousers were properly received in evidence. Holding, as we do, that it was error to admit the shirt, we see no possibility that the introduction of *three* blood–stained items of apparel would be more damaging than *two.* The shirt added nothing to the state's case. *United States v. Weir,* 575 F.2d 668, 671 (8th Cir. 1978) (verdict should stand if evidence did not influence, or had only slight effect, on the jury); *United States v. La-*

*Vecchia,* 513 F.2d 1210, 1217 (2d Cir. 1975) (contraband money admitted, only some of which was rightfully seized. Held harmless error as to that portion illegally taken); *United States v. Bynum,* 513 F.2d 533, 535 (2d Cir. 1975) (telephone conversation should have been excluded but error harmless because evidence cumulative only); *Ricehill v. Brewer,* 459 F.2d 537, 540 (8th Cir. 1972) (blood on watch harmless error because cumulative); *Santiago v. State,* 314 So.2d 246, 248 (Fla.App.1975) (ammunition admitted; some validly taken. As to remainder, harmless error because cumulative); *State v. Hunt,* 198 Kan. 222, 424 P.2d 571, 574 (1967) (cigarette case illegally seized; admission harmless because cumulative); *People v. Terry,* 80 Mich.App. 299, 263 N.W.2d 352, 356 (1977) (blood stains cumulative only); *State v. Davidson,* 44 Wis.2d 177, 170 N.W.2d 755, 765 (1969) (cumulative blood samples, harmless error).

Several of these authorities, notably *Ricehill,* 459 F.2d at 540, *LaVecchia,* 513 F.2d at 1217, *Santiago,* 314 So.2d at 248, and *Hunt,* 424 P.2d at 574, bear marked resemblance to the case now here. In each the proffered evidence was partially good and partially tainted, and in each the court held the admission of tainted evidence was harmless error because it was only cumulative to identical evidence properly in the record.

■ We refer briefly to the fact defendant seems to have shifted his ground from his trial court objections. He now wants to rely on *Boyd,* alleging the search warrant application contained false statements. That claim comes too late. *See Boyd,* 224 N.W.2d at 614–16. Furthermore it is totally without merit. The "false" statements were the officer's conclusions, which depended for their validity upon the presence of certain facts. These "certain facts" may or may not have existed. That is the reason the conclusions must be made by the magistrate, not the arresting officer. However, the statements made were not false within the meaning of *Boyd* and defendant's attack on this ground, even if timely, is without merit.

We hold that defendant's arrest was based upon probable cause; that his shoes and trousers were seized as an incident to a lawful arrest and that their subsequent use as evidence was proper; that the search warrant was invalid and that the seizure of defendant's shirt pursuant thereto was illegal; that the introduction of the shirt into evidence was harmless error beyond a reasonable doubt because it was cumulative to other evidence and could not have influenced the jury's verdict. We accordingly affirm the judgment.

AFFIRMED.