# IN THE COURT OF APPEALS OF IOWA

No. 14-0124
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZACHARY DAVID SAXTON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Zachary Saxton appeals from his conviction of possession of a controlled substance, marijuana, third offense following a bench trial on the minutes of testimony. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Timothy Meals, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., Potterfield, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Zachary Saxton appeals from his conviction of possession of a controlled substance, marijuana, third offense following a bench trial on the minutes of testimony.

## I. Factual Background

On October 17, 2013, at approximately 11:30 a.m., Officer Morton and Sergeant Baker of the Ames Police Department were dispatched to a parking lot where two individuals were loitering near a hotel dumpster. The two individuals identified themselves as Zachary Saxton and Katherine Johnson. They indicated they were waiting for a ride. The officer began checking if either had outstanding warrants. Saxton became nervous and asked if he could leave his black backpack and use the restroom at the hotel. The officer denied the request and soon determined there was an outstanding warrant for Saxton. Johnson's eyes appeared constricted, and she was quiet and not engaged. She initially denied she had been doing drugs. Saxton opened his backpack a couple times and removed a bottle of water.

Officer Morton began to handcuff Saxton, and he was initially cooperative but then pulled away and began to run. Baker chased after Saxton and eventually tackled him, and with Morton's help, Saxton was handcuffed and taken back to the patrol car where Johnson had remained. Saxton asked if Johnson could take his backpack, and the officer refused the request. Johnson was questioned further, and it was determined she had a pipe with marijuana residue. She admitted they had smoked marijuana the night before. She was asked if Saxton was her supplier, but she did not answer directly instead replying

she was trying to get away from him and he was always getting her involved in bad things. She also told the officer she was presently in treatment. Saxton's backpack was searched, and a tin containing a butt of marijuana was found. Saxton and his backpack were taken to the police station, and more marijuana was found in the backpack.

Saxton filed a motion to suppress the evidence found in the backpack. The motion was overruled. Saxton waived his right to a jury trial and submitted to a bench trial on the minutes of testimony. Two prior convictions of possession of a controlled substance were established, and Saxton was found guilty of third offense possession of a controlled substance and was sentenced accordingly. The sentence included an order requiring Saxton to reimburse his attorney fees. Saxton has appealed, claiming the motion to suppress the evidence found in the backpack should have been granted, there was insufficient evidence to support Saxton's possession of a controlled substance, it was error to assess Saxton's attorney fees without consideration of his ability to pay them, and Saxton was denied effective assistance of counsel.

## II. Preservation of Error

The State concedes that error has been preserved as to each issue Saxton has raised.

## III. Scope of Review and Merits as to Each Issue

### A. The Search of the Backpack

Warrantless searches raise constitutional issues, and therefore the review on appeal is de novo. *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010). The officers had placed Saxton under arrest based on an outstanding warrant. A

search without a valid search warrant is per se unreasonable, but a search incident to a lawful arrest is an exception to the warrant requirement. *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001). A search incident to arrest is justified in order to remove weapons and to secure evidence from concealment or destruction. *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008). The area of the search includes the arrestee's person and the area within his or her immediate control. *State v. Freeman*, 705 N.W.2d 293, 298 (Iowa 2005).

Even though the arrestee is handcuffed a search of the immediate area may be conducted. *State v. Shane*, 255 N.W.2d 324, 327-28 (Iowa 1977). "[T]he police may see to the safe custody and security of suspects first and then make the limited search which the circumstances of the particular case permit." *Id.* at 328. When Saxton was initially arrested, the backpack was in his immediate possession. The fact that he ran and was not subdued until he had put a distance between his person and the backpack is not material as long as the search was contemporaneous with the arrest. *Id.* It was within his wingspan at the time of the arrest.

Saxton requested the backpack be left with Johnson, but the officers refused. To have given the backpack to Johnson as Saxton requested without an examination of its contents would have undoubtedly resulted in destruction of the relevant evidence. Although Saxton had been subdued, his companion, Johnson, was still free to access the backpack until it had been seized by the officers. The search of the backpack was a lawful search incident to an arrest.

B.  Sufficiency of the Evidence

When the sufficiency of the evidence is challenged, the review is for corrections of errors at law.  *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001).  Consideration is to be given to all of the evidence not just the evidence supporting the verdict, but the evidence is viewed in the most favorable light to the State.  *Id.*

Saxton does not deny he had possession of the backpack that contained the controlled substances but contends that while the officers were occupied attempting to subdue him the backpack was left unattended except for the presence of Johnson.  He contends Johnson had the opportunity to place the marijuana in the bag.  There was no evidence Johnson had tampered with the bag or even took possession of it during the period the officers were subduing Saxton.  It was incumbent on the State to prove Saxton guilty beyond a reasonable doubt but that does not mean it is the State's burden to prove Saxton guilty beyond any possible doubt.  *See State v. Frei*, 831 N.W.2d 70, 77 (Iowa 2013).  There is no reason to assume Johnson had accessed the bag while the officers were subduing Saxton, and there was no evidence she had.  Viewed in the most favorable light to the State, there was sufficient evidence to support Saxton's conviction.

C.  Restitution of Attorney's Fees

Restitution orders are reviewed for errors of law.  *State v. Brewer*, 547 N.W.2d 15, 16 (Iowa Ct. App. 1996).  Saxton contends the trial court did not consider his ability to pay when it ordered him to make full restitution for his court-appointed attorney's fees.  Saxton's complaint is premature.  The court is

not obligated to consider the ability to pay until the plan of restitution, required by Iowa Code section 910.3 (2013), is being considered. *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999). Saxton will have the further right to seek modification if he does not believe that the plan of restitution, which will eventually be adopted, reflects his ability to pay. *See* Iowa Code § 910.7.

D. Ineffective Assistance of Counsel

Ineffective-assistance-of-counsel claims involve constitutional issues and are therefore reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Such claims are reserved for postconviction relief particularly when challenged actions implicate trial tactics or strategies which might be explained by a fully developed record regarding those issues. *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999). On the other hand, such claims will be resolved on direct appeal if the record is adequate. *Id.* In this case, the record is adequate relative to the issue raised by Saxton.

Saxton claims ineffective assistance of counsel based on his counsel permitting him to proceed with a trial on the minutes of testimony. Saxton contends that in doing so counsel failed to insure a knowing and voluntary waiver of the right to confront witnesses and present a defense. Saxton in essence contends the court should have involved Saxton in a colloquy somewhat similar to that required in a plea of guilty before proceeding with a trial on the stipulated record. He contends his counsel's failure to object to the court's failure to do so constitutes ineffective assistance.

When a defendant stipulates to a bench trial on the minutes the court must (1) verify the defendant has waived his right to a jury, (2) confirm the extent of the

factual record to which the parties are stipulating, and (3) find the facts specially and on the record. *State v. Sayre*, 566 N.W.2d 193, 196 (Iowa 1997). The *Sayre* court specifically held that the trial court need not undertake a plea colloquy or partial plea colloquy prior to accepting a stipulated record upon which the defendant's guilt could be determined. *Id.* at 195. Saxton's counsel had no obligation to raise a meritless claim or make a meritless objection. *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

**AFFIRMED.**