# IN THE COURT OF APPEALS OF IOWA

No. 23-0942
Filed December 18, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOELLEN MARIE ECKERT,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Scott County, Cheryl Traum, Judge.


      A defendant appeals the denial of her motion to suppress.  **AFFIRMED.**


      Joseph C. Glazebrook of Law Offices of Joseph C. Glazebrook, PLLC, Des Moines, for appellant.

      Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.


      Considered by Schumacher, P.J., Buller, J., and Potterfield, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**SCHUMACHER, Presiding Judge.**

Joellen Eckert appeals the denial of her motion to suppress. She asserts her arrest was not supported by probable cause and thus the search of her purse was not conducted incident to a lawful arrest. Upon our review, we affirm.

**I.      Background Facts and Proceedings**

Officer Michael Catton responded to a local car wash after receiving a report that people were breaking into the car wash's commercial vacuums. When he arrived, he found Eckert standing next to a vacuum with her purse on the ground near her. Eckert had used "some sort of ratchet tool" to pry open or remove the cover of the machine, gaining access to the part of the machine where the vacuumed materials accumulated. When Officer Catton asked her what she was doing, Eckert responded that she was "just digging the change out . . . to play more slots at the casino." Officer Catton arrested Eckert, advising, "This isn't yours to break into."

Eckert was handcuffed and informed she was being arrested for theft. While getting ready to pat her down before placing her in the squad car, Officer Catton asked Eckert if she had anything on her that would poke or hurt him. She denied having anything. After Officer Catton told Eckert that she was going to jail and would be charged with a felony if she was hiding anything on her person, she stated, "There's meth in my purse." After placing Eckert in the back of the squad car, officers searched Eckert's purse. A substance found in Eckert's purse field-tested positive for methamphetamine.

Eckert was charged by trial information with possession of a controlled substance, methamphetamine. She moved to suppress the recovered contraband, arguing the officers did not have probable cause to arrest her for theft because she was only taking

trash that others left behind in the commercial vacuum. And, she maintained, because of a lack of probable cause for arrest, the search of her purse could not be a search incident to arrest. The district court denied the motion. Eckert later waived her right to a jury trial and agreed to a bench trial on the minutes of testimony. The district court found Eckert guilty, sentenced her to a suspended 120-day term of incarceration, and placed her on probation. Eckert appeals.

## II. Standard of Review

"Because this case concerns the constitutional right to be free from unreasonable searches and seizures, our review of the district court's suppression ruling is de novo." *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015) (citation omitted).

## III. Analysis

We first clarify the narrow issue Eckert raised in both the district court and on appeal. Eckert does not argue that the search of her purse did not fit into the search incident-to-arrest exception.[1] She only asserts on appeal, as she did to the district court, that she could not commit a theft of trash, which she maintains the vacuumed items in the receptacle constituted, and therefore her purse was not a search incident to a valid arrest. The appellant's brief states, "Thus, the question of suppression in this matter turns on whether the officers had probable cause to arrest Eckert." Our opinion is therefore limited to this issue.

---

[1] Our obligation is to address the issues raised by the parties. *See Feld v. Borkowski*, 790 N.W.2d 72, 78 (Iowa 2010) ("Our obligation on appeal is to decide the case within the framework of the issues raised by the parties."). "[I]n the absence of the most cogent circumstances, we do not create issues . . . ." *Id.* at 78 n.4 (collecting cases).

"Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990). Probable cause to make an arrest turns upon the circumstances of each case. The facts must give rise to something more than a mere suspicion, but they need not be so strong as to convince officers involved in the arrest of a suspect's guilt. *State v. Gregory*, 327 N.W.2d 218, 220 (Iowa 1982). Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it. *See United States v. Bubis*, 744 F.2d 61, 64 (8th Cir. 1984); *State v. Shane*, 255 N.W.2d 324, 326 (Iowa 1977). A person commits theft when the person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 714.1(1) (2022).

Eckert points to recent legislation that she suggests supports her position that she cannot commit theft of trash. *See id.* § 808.16. But that statute, on its face, applies only to "garbage placed outside of the person's residence for waste collection in a publicly accessible area." *Id.* § 808.16(1). Those are not the facts here. As the district court observed, Eckert had removed the cover of the vacuum cleaner with some sort of tool and "was going through the contents of the [machine], not trash that had been left out to be taken away." Eckert focuses on the dirt and lint in the receptacle, questioning whether any value could be assigned to those items. But Officer Catton testified there were also coins in the vacuum receptacle, the taking of which Eckert admitted at the scene was her

reason for prying open the vacuum.  We determine the officers had probable cause to arrest Eckert and affirm the district's court denial of her motion to suppress.

**AFFIRMED.**

Buller, J., concurs; Potterfield, S.J., dissents.

**POTTERFIELD, Senior Judge** (dissenting).

The majority concludes Eckert only asserts she could not commit a theft of trash and, ruling against her on that issue, ends its constitutional analysis there. I agree with the majority that the officers had probable cause to arrest Eckert for theft, but I understand her challenge on appeal to encompass a broader question—does application of the search-incident-to-arrest (SITA) exception support the warrantless search of her purse? Because I conclude it does not, I respectfully dissent from the majority.

To begin, it is undisputed that Eckert has a constitutional right to be free from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. And "[a] search conducted without a valid search warrant is per se unreasonable unless one of the well-known exceptions to the warrant requirement applies." *State v. McGrane*, 733 N.W.2d 671, 676 (Iowa 2007). It is the State that bears the burden to prove by a preponderance of the evidence that an exception applies. *See State v. Naujoks*, 637 N.W.2d 101, 107–08 (Iowa 2001). In other words, the warrantless search is presumed unlawful until the State proves otherwise.

Here, the State met its burden to establish that the arrest of Eckert was supported by probable cause. But while a lawful arrest is a necessary component of applying the SITA exception, it does not provide officers carte blanche to search. The SITA exception "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *State v. Gaskins*, 866 N.W.2d 1, 8 (2015) (quoting *Arizona v. Gant*, 556 U.S. 332, 338 (2009)). And the exception "must be narrowly construed and limited to accommodating only those interests it was created to serve." *McGrane*, 733 N.W.2d at 677. At no time—either before the district court or here—has the State

addressed whether the officers' search of Eckert's purse fits within the purpose of the exception.

Our supreme court has rejected an application of SITA "that authorized warrantless searches of containers without regard to . . . considerations of officer safety and protecting evidence." *Gaskins*, 866 N.W.2d at 12 (applying the Iowa Constitution). And it approved *Gant*'s "reaching distance" or "possibility of access" rationale "as an appropriate limitation on the scope of searches incident to arrest under article I, section 8 of the Iowa Constitution because that limitation is faithful to the underlying justifications for warrantless searches incident to arrest." *Id.* at 13.

Here, it was only after Eckert was secured and placed in the back of the squad car that the officers returned to the area where her purse was sitting and searched it. At that time, neither officer safety nor the destruction of evidence was a concern, as Eckert "could not realistically access" the purse at that time. *See State v. Scullark*, No. 23-1218, 2024 WL 3886203, at *7 (Iowa Ct. App. Aug. 21, 2024) (reversing denial of motion to suppress because SITA exception was not applicable to search of fanny pack when officers did not seize and search it until after arrestee was already secured); *see also Gant*, 556 U.S. at 335 (concluding SITA did not apply to search of defendant's vehicle because he "could not have accessed his car to retrieve weapons or evidence at the time of the search"); 3 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 7.1(c) (6th ed. 2024) ("Certainly the most important characteristic of *Gant*'s 'possibility of access' rule is that it is to be applied 'at the time of the search' rather than at some earlier time. . . . The fact that the access must be judged 'at the time of the search' rather than at some

earlier point is highly significant, for in the ordinary course of events the circumstances will have changed significantly by that time.").

Recognizing the SITA exception is to "be narrowly construed and limited to accommodating only those interests it was created to serve," I would conclude it is not applicable in this instance. I would reverse the denial of the suppression order and remand for further proceedings.