**STATE of Iowa, Appellee,**

v.

**Michael HARRIS, Appellant.**

No. 91–1504.

Supreme Court of Iowa.

Oct. 21, 1992.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., J. Patrick White, County Atty., and Kelly D. Steele, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Following an arrest for public intoxication, police searched defendant Michael Harris and found marijuana and lysergic acid diethylamide (LSD). Harris now appeals convictions for two counts of possession of controlled substances, *see* Iowa Code §§ 204.204(4) and 204.401(3) (1991), claiming the fruits of the search should have been suppressed because the police had no probable cause to arrest him. Finding no error, we affirm.

The case stems from commotion caused in the wee hours of the morning as Harris and a small group of friends walked along the streets of downtown Iowa City. One member of the group began approaching vehicles at an intersection, grabbing the outside rearview mirrors, and hanging on until the light changed. He eventually drew the attention of a police officer. The officer took the man aside, called for back-up assistance, and directed that Harris and the others sit at the curb some distance away.

In spite of the order, Harris approached the officer at least twice to ask what was going to happen to his friend. Apparently prompted by this resistance to his command, the officer eventually turned his attention to Harris. He observed the odor of alcohol about him, and noted that Harris's eyes were bloodshot, watery and dilated. The dilation of Harris's eyes caused the officer to suspect the influence of drugs, as well as alcohol. A preliminary breath test requested by the officer yielded a reading of .07. The officer then arrested Harris for the simple misdemeanor offense of public intoxication. *See* Iowa Code § 123.46(2) ("A person shall not be intoxicated or simulate intoxication in a public place.").

During the search incident to Harris's arrest, officers found drug paraphernalia including a small pipe with marijuana in it. A subsequent jail inventory of Harris's belongings revealed thirty perforated paper squares that tested positive for LSD. Harris was then charged with possession of controlled substances.

In a pretrial motion to suppress, Harris claimed that both the search incident to arrest, and the inventory search, were invalid because the arresting officer had no probable cause to arrest Harris for public intoxication. From the court's denial of this motion, and its subsequent entry of judgment of conviction upon the possession charges, Harris now appeals.

I. Harris rests his appeal on fourth amendment grounds; therefore our review is de novo. *State v. Vincik*, 436 N.W.2d 350, 353 (Iowa 1989). In deciding whether the search was valid we consider the totality of the circumstances as revealed by the entire record. *Id.* We give weight, however, to the district court's findings, especially on credibility of witnesses. *Taylor v. State*, 352 N.W.2d 683, 687 (Iowa 1984); Iowa R.App.P. 14(f)(7).

II. The parties do not dispute the controlling law. A search incident to a lawful arrest is a recognized exception to the fourth amendment's warrant requirement. *State v. Garcia*, 461 N.W.2d 460, 462 (Iowa 1990). The burden of coming

within the exception rests upon the State. *Id.* A warrantless arrest must be supported by probable cause. *United States v. Watson,* 423 U.S. 411, 423–24, 96 S.Ct. 820, 828, 46 L.Ed.2d 598, 609 (1976). Probable cause exists when the facts and circumstances within the arresting officer's knowledge would warrant a person of reasonable caution to believe that an offense is being committed. *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, 332 (1959); *see* Iowa Code § 804.7 (warrantless arrest authorized where police officer has "reasonable ground for believing" arrestee committed crime). The "reasonable ground for belief" standard of Iowa Code section 804.7 is the same as probable cause. *Kraft v. City of Bettendorf,* 359 N.W.2d 466, 469 (Iowa 1984).

■ To sustain a finding of probable cause, the facts must rise above mere suspicion but need not be strong enough to sustain a guilty conviction. *State v. Gregory,* 327 N.W.2d 218, 220 (Iowa 1982). All of the evidence available to the arresting officer may be considered, regardless of whether or not each component would support a finding of probable cause by itself. *State v. Bumpus,* 459 N.W.2d 619, 623 (Iowa), *cert. denied,* —— U.S. ——, 111 S.Ct. 563, 112 L.Ed.2d 570 (1990). Seemingly innocent activities may combine with other factors to give an experienced police officer reasonable grounds to suspect wrongdoing. *State v. Rosenstiel,* 473 N.W.2d 59, 62 (Iowa 1991). And, although bound by the true reasons given, officers may cite multiple reasons for stopping or arresting a suspect. *State v. Garcia,* 461 N.W.2d 460, 464 (Iowa 1990). An arrest for any proper reason, even a secondary one, may still be lawful. *Id.*

III. The fighting issue is whether the arresting officer had probable cause to believe Harris was intoxicated by alcohol, rather than drugs. The distinction is important, appellant argues, because he claims that our public intoxication statute criminalizes only the public consumption of "alcoholic liquor, wine, or beer." Iowa Code § 123.46(2); *see also* Iowa Code § 123.46(3) (authorizing chemical test upon arrest of public intoxication for "blood alcohol concentration"). Harris insists that the arrest for a violation of section 123.46(2) was only a pretext for the officer's belief that Harris was actually under the influence of drugs.

■ We note that the public intoxication statute, contained within a chapter entitled the "Iowa Alcoholic Beverage Control Act," makes no reference to intoxication by any other controlled substances. Any concern we might express about the statute's boundaries, however, would be purely academic. The district court denied Harris's motion to suppress on the strength of the arresting officer's repeated assertion that Harris was publicly intoxicated by alcohol. There is ample evidence in the record to support the court's ruling.

The officer described the physical symptoms that signaled Harris's intoxication by alcohol: the smell of alcohol on his breath and his bloodshot, watery eyes. We have found such evidence (combined with proof of driving) sufficient to support a finding of probable cause in a drunk driving context. *State v. Harlan,* 301 N.W.2d 717, 720 (Iowa 1981). To those factors must be added the results of the preliminary breath test, Harris's obstinate refusal to obey the officer, and the unusual circumstances that brought Harris to the officer's attention. Taken together, these factors could lead a reasonable person with this officer's experience to conclude that Harris was violating Iowa Code section 123.46(2).

It is true that the officer expressed belief that Harris was also impaired by drugs. But we reject Harris's argument that the officer's uncertainty about the extent of that impairment detracts from his conviction that Harris was also intoxicated by alcohol. Likewise we are not persuaded that the officer's failure to give field sobriety tests proves Harris's freedom from alcoholic inebriation. A reasonable fact finder could conclude from this record that further sobriety tests would have been merely cumulative.

For all of these reasons we are satisfied that the arresting officer had probable cause to arrest Harris for public intoxication. The lawful arrest validated the subsequent searches and, accordingly, Harris's motion to suppress the fruits of those searches was properly dismissed. The judgment of the district court must be affirmed.

AFFIRMED.