**STATE of Iowa, Appellant,**

v.

**Antonio Roman PETERSON, Appellee.**

No. 93–1067.

Supreme Court of Iowa.

April 20, 1994.

Bonnie J. Campbell, Atty. Gen., Bridget Chambers, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kimberly Griffith, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and Patricia Cone–Fisher and B. John Burns, Asst. Appellate Defenders, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

The district court, in a prosecution for drug offenses under Iowa Code sections 204.-401(1)(c) and 421A.12 (1993), suppressed cocaine seized from the mouth and stomach of the defendant. We granted the State's application for discretionary review and now reverse and remand.

When the defendant, Antonio Peterson, stopped his car in a Waterloo parking lot, two police officers approached to confront him about a broken taillight. When asked for his driver's license, Peterson responded that he did not have one. One of the officers asked Peterson his name and asked him to step out of the car. The officer noted that Peterson's speech was slurred, he would not open his mouth while talking, and his cheeks were "puffed out." The officer asked Peterson to open his mouth, but he refused. The officer repeated the request, and Peterson again refused.

When Peterson tried to swallow the contents of his mouth, the officer grabbed his chin and the top of his forehead in an attempt to force his mouth open. When Peterson began to choke, he spit out a wad of chewing gum containing two pieces of individually wrapped cocaine. He was taken to a hospital where his stomach was pumped, revealing more cocaine.

On appeal, Peterson claims that the seizure of the cocaine from his mouth was illegal because the officers lacked a search warrant and none of the exceptions to the warrant requirement were established. He contends that the search of his stomach contents was illegal because the officers did not establish probable cause and exigent circumstances.

The State responds that the search of Peterson's mouth was valid as a search incident to arrest. As to the stomach pumping, the State claims it was proper because it was based on probable cause and exigent circumstances, *i.e.*, a possible hazard to Peterson's health from ingestion of cocaine and the destruction of the evidence through the digestive process. Peterson concedes that, if the search of his mouth was permissible, the search of his stomach contents was permissible as well.

The district court found that Peterson was under arrest at the time the contents of his mouth were seized but that the State did not establish probable cause for the search. The State argues that the court erred as a matter of law because a search incident to an arrest does not also require probable cause to be established.

■ We agree with the State. It is well-settled that a search incident to an arrest requires no additional justification. *United States v. Robinson*, 414 U.S. 218, 235, 94

S.Ct. 467, 476–77, 38 L.Ed.2d 427, 441 (1973). As the Court said in *Robinson*,

> [a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.

*Id.* at 235, 94 S.Ct. at 477, 38 L.Ed.2d at 440–41.

Peterson counters that at the time the officers approached him they admittedly intended to give him a citation, not to arrest him, and a search could not be justified as one incident to arrest.

■ This argument is refuted by the district court's express finding that, at the time of the search of the defendant's mouth, he was under arrest for failure to have a driver's license. In addition, a search incident to an arrest need not be made *after* a formal arrest if it is substantially contemporaneous with it, provided probable cause for the arrest existed at the time of the search. As the Supreme Court has stated,

> [w]here [a] formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.

*Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633, 645–46 (1980); *accord United States v. Skinner*, 412 F.2d 98, 103 (8th Cir.), *cert. denied*, 396 U.S. 967, 90 S.Ct. 448, 24 L.Ed.2d 433 (1969) (search valid whether moments before or moments after the arresting officer took the suspect into actual custody or announced his intention to do so); *State v. Harvey*, 242 N.W.2d 330, 338 (Iowa 1976) (fact search occurs a few minutes before arrest does not per se invalidate search).

■ Here, probable cause for Peterson's arrest existed immediately on his statement, prior to the search, that he did not have a driver's license. The search was therefore valid as one incident to his arrest.

As previously noted, Peterson concentrates his Fourth Amendment argument on the search of his mouth, and he concedes that the legality of the stomach search will rise or fall with our resolution of the mouth-search issue. We therefore need not address that issue. We note, however, that a similar case involving the pumping of a stomach was held to be proper. *State v. Strong*, 493 N.W.2d 834, 837–38 (Iowa 1992).

In *Strong*, we noted that, when a warrantless search involves an intrusion into the body, a more demanding Fourth Amendment test must be met. *Id.* at 837. Weighing our concerns for the defendant's safety, privacy, and bodily integrity against the community's interest in fairly and accurately determining guilt, we concluded that such a search was reasonable. *Id.* at 837–38. That analysis would apply to this case as well.

We conclude the court erred in suppressing the evidence and therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED.**