STATE of Iowa, Appellee,

v.

Nannette HORTON, Appellant.

No. 99–1286.

Supreme Court of Iowa.

March 21, 2001.

Rehearing Denied May 8, 2001.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Denise A. Timmins, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Danielle Davis, Assistant County Attorney, for appellee.

LARSON, Justice.

Nannette Horton appealed her conviction for possession of marijuana, Iowa Code section 124.401(5) (1997), claiming her trial counsel was ineffective for failing to raise a timely motion to suppress evidence. The court of appeals affirmed, concluding that because there was no merit in her claim of an illegal search, a timely motion to suppress would not have been successful. On further review, we agree with that conclusion and therefore affirm the decision of the court of appeals and the judgment of the district court.

## I. *Facts and Prior Proceedings.*

Horton was a passenger in a compact pickup truck owned and operated by Timothy Wilkins. The pickup was stopped by Waterloo police officers for a license plate violation. Wilkins was unable to produce proof of insurance, so he was ordered out of the vehicle to remove his license plates. An officer asked Wilkins if he had any contraband in the vehicle, and Wilkins said there were some "roaches" (marijuana cigarettes) in the pickup ashtray. An officer then opened the driver-side door, looked into the cab of the pickup, and saw marijuana butts in plain view in the ashtray. Based on this, the officer ordered Horton out of the vehicle and asked her to empty her pockets (a police department practice for a *Terry* search when male officers search females).[1] Horton pulled out the bag of marijuana that led to this prosecution. The driver was charged with possession of the marijuana in the ashtray.

## II. *Issues.*

Horton assigns a single issue: the denial of her motion to suppress evidence of the unsmoked marijuana she pulled from her pocket. The district court denied the motion on the ground it was untimely under Iowa Rule of Criminal Procedure 10(2)(c) and (4) (motions to suppress to be filed "when the grounds therefor reasonably appear but no later than forty days after arraignment").

Horton claims her lawyer provided ineffective assistance of counsel by failing to file a timely motion to suppress. If she can establish ineffective assistance of counsel, of course, she is not precluded from raising the motion-to-suppress issue on appeal. *See State v. Lucas,* 323 N.W.2d 228, 232 (Iowa 1982). The State responds she was not denied effective assistance of counsel, and in any event, there would have been no merit in a motion to suppress because (1) Horton consented to the search when she emptied her pockets for

---

**1.** This procedure is not challenged on appeal, and we express no opinion on the legality of it.

the officer, and (2) the search was valid as incident to arrest.

### III. *Disposition.*

■ We tend to agree with Horton that her compliance with the officer's request for her to empty her pockets does not amount to a consent to search. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 248, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854, 875 (1973) ("[W]hen . . . the State attempts to justify a search on the basis of . . . consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied.").

In response to the State's search-incident-to-arrest argument, Horton claims the marijuana roaches in the ashtray, presumably midway between the two seats, cannot be the basis for an arrest because "[t]here was no reasonable and particularized suspicion that [she] had violated the law until she emptied her pockets at the direction of law enforcement," and "[t]he record indicates that she was not under arrest until after she obeyed [the officer's] commands."

■ Horton was not formally arrested until after the "pat down" search that revealed the bag of unsmoked marijuana. However, the timing of the formal arrest is not fatal to the search. *See Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633, 645–46 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."); *see also State v. Peterson,* 515 N.W.2d 23, 25 (Iowa 1994). In *Peterson* we said "a search incident to an arrest need not be made *after* a formal arrest if it is substantially contemporaneous with it, provided

probable cause for the arrest existed at the time of the search." *Peterson,* 515 N.W.2d at 25. In this case, Horton's formal arrest "followed quickly on the heels of the challenged search of [the defendant's] person." *Rawlings,* 448 U.S. at 111, 100 S.Ct. at 2564, 65 L.Ed.2d at 645–46.

■ Horton also argues that the marijuana butts in the ashtray could not provide a basis for *her* arrest because "[l]aw enforcement seems to have imputed [the driver's] admission, and subsequent verification of the existence of marijuana in the truck ashtray, to Ms. Horton." Further, she argues "the actions of the driver cannot be attributed to the passenger." Finally, she quotes *Illinois v. Wardlow* for the proposition that "[a]n individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." 528 U.S. 119, 124, 120 S.Ct. 673, 676, 145 L.Ed.2d 570, 576 (2000) (holding, in a *Terry* stop case, that unprovoked flight, in addition to presence in a high-crime area, did constitute grounds for an investigatory stop).

■ However, the State does not rely on the driver's admission nor does it attempt to "impute" the admission to this defendant. Rather, the State relies on Horton's consent to the search and on probable cause (based on her proximity to the marijuana butts) to justify the search. We have already rejected the consent argument, so the sole question is whether the marijuana butts provided probable cause to arrest her.

Probable cause exists when the facts and circumstances within the arresting officer's knowledge would warrant a person of reasonable caution to believe that an offense is being committed.

*State v. Ceron,* 573 N.W.2d 587, 592 (Iowa 1997). For probable cause

> [t]he police need not have firm evidence which might lead to a conviction, or even to an indictment, but merely sufficient information to cause a reasonable man to believe that [the] defendant was involved in [a crime].

*State v. Freeman,* 297 N.W.2d 363, 366 (Iowa 1980). This is so because "[w]hat constitutes probable cause should be resolved on probabilities based on practical considerations, not on legal technicalities." *Id.* at 365.

■ It has long been the law that probable cause to search a *car* does not justify the search of a *passenger. See United States v. Di Re,* 332 U.S. 581, 584–87, 68 S.Ct. 222, 223–25, 92 L.Ed. 210, 215–16 (1948). But that is not the case here. The State argues the evidence in the ashtray gave probable cause to arrest the defendant, totally independent of the grounds for arresting the driver or searching his vehicle. Here, the question is whether the presence of the spent marijuana in the pickup ashtray would be sufficient to "cause a reasonable man to believe" somebody was involved in the illegal use or possession of marijuana. Thus, the probable-cause question is boiled down to whether the marijuana roaches point to this defendant, the driver, both, or neither.

■ While it is clear probable cause need not rise to the level of proof required for conviction, or even indictment, it requires "more than bare suspicion." *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949); *see* 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.2(e), at 60 (3d ed.1996) [hereinafter LaFave]. Professor LaFave asks rhetorically:

> [W]hat degree of probability [is required]? Specifically, is it necessary that the particular matter under consideration (*i.e.,* that a crime has been committed, that a particular person has committed it, that evidence of crime is to be found in a particular place, or that a particular object is evidence of crime) be more probable than not, or will something short of this suffice?

LaFave § 3.2(e), at 60. With respect to the issue in the present case (*i.e.,* whether the roaches pointed to Horton), LaFave states:

> One way in which the problem arises is when the police are investigating a known crime and obtain information concerning the offender, which does not point exclusively to one particular individual, in which case the question is whether they may nonetheless arrest a person or perhaps two or more persons from the suspect class.

*Id.*

Addressing multiple-suspects problems, Professor LaFave notes:

> There is commentary supporting the conclusion that probable cause does *not* mean more-probable-than-not, at least with respect to the identity of a particular individual as the probable offender. The Torts Restatement puts this situation:
>
>> A sees B and C bending over a dead man, D. B and C each accuse the other of murdering D. A is not sure that either B or C did the killing, but he has a reasonable suspicion that either B or C killed D. *A is privileged to arrest either or both.*

*Id.* at 64 (emphasis added) (quoting Restatement (Second) of Torts § 119 cmt. i (1965)). Professor LaFave continues:

> Moreover, the arrest provisions in the Model Code of Pre-Arraignment Procedure permit arrest "without requiring that at the time of the arrest the guilt of

the person to be arrested be more probable than not." The draftsmen [of the Code] explain this as follows:

An arrest standard more stringent than reasonable cause would, to be sure, provide increased assurances against interferences by the police with the liberty of innocent persons. It is a premise of the Code, however, that society would and should be unwilling to pay the price in less efficient crime prevention and prosecution which this assurance would entail. If the "more probable than not" standard were adopted and taken seriously, many arrests made, for instance, on the basis of a victim's or witness's description would be illegal. The description which a victim gives of an assailant will very rarely justify an officer in believing that a person who appears to correspond to that description is more probably than not guilty of the assault. To approach this degree of certainty, the victim needs an opportunity to identify the suspect, perhaps even in the carefully controlled context of a lineup. If, however, such a description is not sufficient basis for arrest, an officer in the field must allow the suspect to disappear, and allow to disappear with him a possibility for solving the particular case and for imprisoning a dangerous offender. Present law does not require this conclusion, and the Code also would not.

There is much to be said for the model code position. If the function of arrest were merely to produce persons in court for purposes of the prosecution, then a more probable than not test would have considerable appeal. *But there is also an investigative function which is served by the making of arrests.*

LaFave § 3.2(e), at 64–65 (emphasis added) (quoting Model Code of Pre-Arraignment Procedure 14 (1975)).

Cases involving probable-cause issues under circumstances similar to this case have not required specific identity when two or more possible suspects are involved. For example, *State v. Mitchell*, 167 Wis.2d 672, 482 N.W.2d 364 (1992), involved two individuals in a car in which someone had been smoking marijuana. The court said:

Based on the presence of both the odor of marijuana and the smoke, Officer Smith had reason to believe that defendant, his passenger, or both had been smoking marijuana, and thus possessing, marijuana. The fact that there were two occupants in the vehicle is not fatal to a finding of probable cause to arrest defendant because probable cause does not mandate that it is more likely than not that the defendant committed the offense. We hold that, based on the marijuana odor and smoke inside the vehicle, Officer Smith had probable cause to arrest defendant and therefore the arrest was lawful.

*Id.* at 684, 482 N.W.2d at 368–69 (citation omitted).

In *Commonwealth v. Chase*, 394 Pa.Super. 168, 575 A.2d 574 (1990), arresting officers could not initially establish which of two individuals had committed a crime. The court reversed an order that had suppressed the evidence, stating

we must take issue with the trial judge's commentary on probable cause. We do not agree that the police could never have probable cause to arrest two persons if only one person has committed the crime. "While the law requires that probable cause have a fairly narrow focus, thereby precluding, for example, dragnet operations, we do not believe that the focus must in all situations narrow down to a single suspect...." Un-

der some circumstances, there may be probable cause to believe that either of two suspects was the perpetrator of the criminal act.

*Id.* at 176, 575 A.2d at 578 (citation omitted).

In *State v. Jordan*, 36 Or.App. 45, 583 P.2d 1161 (1978), the Oregon court noted that, while officers may lawfully arrest more than one person, considerations of reasonableness limit the number of persons that may be arrested; a dragnet would not be allowed. In *Jordan* officers went to a house to serve an arrest warrant, but because the women there would not truthfully identify the subject to be served, the officers were not sure who they should arrest. The defendant argued they could not arrest more than one. The Oregon court said in this interesting observation:

> The underlying assumption of defendant's theory is that probable cause is finite and, if it is expended on one suspect, there cannot be enough left for another suspect. That theory is no more tenable than would be its opposite: that with probable cause, as with love, there is always plenty for everybody. The statement of principle most harmonious with the fundamental predicate of the Fourth Amendment, reasonableness, fits between those two extremes.

*Id.* at 48, 583 P.2d at 1163. The Oregon court continued:

> Probable cause may justify the arrest of more than one person. If, for example, a policeman sees A and B bending over a dead man and each accuses the other of killing the victim, there is probable cause for the arrest of either or both and *the arrest of A does not preclude the arrest of B.* Similarly, if A is found one block north of a recently robbed bank and matches the description of the robber, the arrest of A does not preclude the subsequent arrest of B who also matches the description and is found one block south of the bank.

*Id.* at 49, 583 P.2d at 1163 (emphasis added).

In *People v. Sutherland*, 683 P.2d 1192 (Colo.1984), two occupants of a vehicle were involved in an accident, and both had alcohol on their breath. Each accused the other of being the driver. The court held the officers had probable cause to arrest both of them and obtain blood samples. *Sutherland*, 683 P.2d at 1196.

▌ The officers in Horton's case could have reasonably believed the marijuana had been smoked by Horton, her companion, both, or perhaps neither. Mere proximity to the marijuana butts will not support a *conviction* of constructive possession under our cases, see *State v. Atkinson*, 620 N.W.2d 1, 3 (Iowa 2000), but the issue here is not whether there was sufficient evidence to convict, or even indict, Horton. The issue is whether the evidence "would warrant a person of reasonable caution to believe that an offense is being committed." *Ceron*, 573 N.W.2d at 592. We believe a reasonably cautious person would be warranted in believing Horton was in possession of marijuana, and this satisfies the test for probable cause to arrest and search her. Close proximity to contraband, especially when it is in plain view, is sufficient to justify a suspect's arrest, at least for further investigation. There was no merit in defendant's motion to suppress, therefore she was not prejudiced by the untimely nature of the motion. Horton's ineffective-assistance-of-counsel claim cannot, therefore, be sustained.

We affirm the decision of the court of appeals and the judgment of the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except SNELL, J., who dissents.

SNELL, Justice (dissenting).

I respectfully dissent.

I believe the evidence in this case is insufficient to establish probable cause to arrest and search defendant Horton. It has long been the law that mere proximity to illegal drugs is not enough to sustain a conviction for possession of those drugs. A distinction is now made by the holding in this case. That holding establishes that proximity to contraband in plain view in a car satisfies the test for probable cause to arrest and search the car's passenger.

The missing element to establish probable cause in this case is that there is not a nexus between Horton and the marijuana cigarettes in the car's ashtray. Although as a passenger she was near the ashtray, there is no evidence that she had possession of the illegal drugs. Articulable suspicion is not enough to justify an arrest and conduct a lawful search. Here, the evidence at the scene as measured by a totality of the circumstances standard falls short of providing probable cause to arrest Horton. As such, the arrest and search violated her constitutional right under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure.

The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause. . . ." U.S. Const. amend. IV. "Evidence that is obtained in violation of this provision is inadmissible, no matter how relevant or probative the evidence may be." *State v. Manna*, 534 N.W.2d 642, 643–44 (Iowa 1995); *accord Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090 (1961). Because the general rule of the Fourth Amendment is that a warrantless search is per se unreasonable, the State has the burden by a preponderance of the evidence to show that an exception to that rule applies. *State v. Moriarty*, 566 N.W.2d 866, 868 (Iowa 1997). The exception relied on by the State and the majority is "search incident to a lawful arrest."

Our court has never directly addressed the issue of a search of a passenger upon finding contraband in the car when that is the sole reason to suspect the passenger of wrongdoing. We have, however, addressed the rights of passengers in other situations. *See State v. Ceron*, 573 N.W.2d 587, 593 (Iowa 1997); *State v. Becker*, 458 N.W.2d 604 (Iowa 1990). In *Becker*, we dealt with a similar traffic stop and subsequent passenger arrest and held the officer lacked articulable suspicion to order the passenger out of the vehicle. *See Becker*, 458 N.W.2d at 606–08. Because of this violation of the passenger's Fourth Amendment right to be free from an unreasonable search, the subsequent search of the passenger was unlawful.

The vehicle was stopped for speeding. In this context, we remarked:

> The fact that a [traffic violation has occurred] authorizes the officer to stop the vehicle in which the passenger is riding. The resulting intrusion on the passenger which flows from the initial stop is an unavoidable consequence of action justifiably taken against the driver. Further intrusion on the passenger is not justified, however, unless some articulable suspicion exists concerning a violation of law by that person, or unless further interference with the passenger is re-

quired to facilitate a lawful arrest of another person or lawful search of the vehicle.

*Id.* at 607.

In the case at bar, pursuant to *Becker*, the officers were justified in ordering Horton out of the vehicle to conduct a lawful search of the vehicle given the fact they had found marijuana in the vehicle, the ownership of which had not been determined. However, *Becker's* holding is limited to the question of a police officer's right to order a passenger out of the vehicle with nothing more than articulable suspicion or the need to conduct a lawful search. As our jurisprudence makes clear, more than articulable suspicion is needed to conduct a search of an individual. *See, e.g., State v. Predka*, 555 N.W.2d 202, 205–06 (Iowa 1996). As such, police needed probable cause to arrest and search Horton once outside the car.

We have said:

> Probable cause is not determined by observation of and reliance on any particular factor. Probable cause to make an arrest turns upon the circumstances of each case. The facts must give rise to something more than a mere suspicion, but they need not be so strong as to convince officers involved in the arrest of a suspect's guilt. Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it.

*State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990) (citations omitted); *accord Predka*, 555 N.W.2d at 205–06.

The facts on which the officers were operating were that Horton was a passenger in a car owned by another. They knew that she was sitting within reach of two used marijuana cigarettes in the car's ashtray. Ownership of the marijuana cigarettes was not known by the officers. In this circumstance, the State argued that the doctrine of constructive possession is implicated.

We have previously recognized that there are three elements of constructive possession: (1) dominion and control of the illegal substance; (2) knowledge of its presence; and (3) knowledge of its nature. *State v. Rudd*, 454 N.W.2d 570, 571–72 (Iowa 1990) (citing *State v. Reeves*, 209 N.W.2d 18, 21–22 (Iowa 1973)). Recently, we addressed this doctrine in an analogous situation. *See State v. Atkinson*, 620 N.W.2d 1 (Iowa 2000). The car in which the defendant was a passenger was detained for a traffic violation. The officer placed the driver under arrest for driving with a suspended license. Upon search of the vehicle, the officer found a fanny pack containing methamphetamine under the driver's seat. Although the driver at all times admitted the pack and the drugs belonged to him, the passenger was convicted of possession with intent to deliver the drugs. The passenger testified that she knew the pack probably contained drugs, but that she had no right to exercise control over it.

On appeal, we were persuaded that the passenger did not have constructive possession, even though

> we ... assum[ed] the defendant knew the fanny pack was under the driver's seat and that she knew it contained methamphetamine. For purposes of resolving the issue of control, we ... even assume[d] she knew it contained a substantial amount of methamphetamine.... The problem with the State's case [was] it did not show that the defendant exercised dominion and control over the drugs. A defendant's close physical *proximity* to contraband, as vir-

tually all authorities agree, *is insufficient in itself to constitute dominion and control.*

*Id.* at 4 (emphasis added). In *Atkinson,* we reversed the conviction of the defendant because there was not substantial evidence to support the verdict. The reason the State's evidence was not sufficient to meet this standard was because the State failed to prove that Atkinson had constructive possession of the drugs contained in the fanny pack under the driver's seat. We held that the State failed to prove that Atkinson had dominion and control over the fanny pack and thus failed to prove constructive possession of the methamphetamine.

In the instant case, knowledge of the marijuana may be inferred because the cigarettes were in plain view. We may also infer that Horton knew the difference between a marijuana cigarette and a regular cigarette. Notwithstanding, the State failed to provide evidence that Horton had any dominion and control over the contraband. She neither owned the vehicle nor was the driver of it. Plain view of the marijuana cigarettes only allows us to infer knowledge. Proximity alone cannot equal dominion and control. Therefore, in such a scenario, the passenger does not have constructive possession of an illegal substance found within her reach.

The case at bar is significantly different from *State v. Ceron,* which signaled the quantum of evidence necessary to provide probable cause to search a passenger of an automobile. *Ceron,* 573 N.W.2d at 592–94. In *Ceron,* the defendant was a passenger in a car that was stopped for not having a windshield. The driver was arrested for this reason and for failing to produce a registration for the vehicle. The driver was removed from the vehicle, handcuffed and searched. Ceron, the passenger, was ordered from the car and patted down for weapons. None were found. After Ceron was patted down, the officer began searching the car and discovered cigarette papers between the console and passenger seat. Ceron was arrested for possession of drug paraphernalia. Pursuant to the arrest, Ceron was searched, and a baggie of methamphetamine was found in his pants.

On appeal, the issue was whether the police officer had probable cause to arrest him for possession of drug paraphernalia. Ceron argued that proximity of the cigarette rolling papers did not provide probable cause for his arrest. The issue involved constructive possession of the rolling papers because they were found in the car, not on Ceron's person. Our analysis determined that considering all of the factors together would warrant a person of reasonable caution to believe that Ceron intended to use the cigarette rolling papers to inhale marijuana, a controlled substance, in violation of law. Those factors therefore constituted probable cause to support Ceron's arrest for possession of drug paraphernalia (rolling papers). Thus, the lawful arrest validated the subsequent search that uncovered the methamphetamine.

What were those factors? The probable cause factors in *Ceron* were not alone the proximity to rolling papers but consisted of the following facts. First, the officer of fifteen years experience had worked six years on a drug investigation unit. Second, he recognized Ceron from prior contacts involving drug activity. The year before, he and another officer found a bag of methamphetamine and rolling papers on Ceron. Ceron had told the officer in the past that he used marijuana and was a member of the "King Boulevard Stoners," a name describing the group's use of marijuana. The officer knew that Ceron had a drug conviction and was involved in drug

trafficking in the Sioux City area. Third, the officer saw that Ceron had red, watery eyes, indicating recent drug use. Fourth, he knew that cigarette rolling papers were used to roll marijuana cigarettes. And lastly, prior to stopping the car, he had seen Ceron moving about with his hands down below the dash, appearing to look back at the officer's car and then to another officer's car in an excited manner.

In *Ceron*, the issue of probable cause turned on Ceron's constructive possession of drug paraphernalia, *i.e.*, rolling papers. Probable cause of possession was shown by the multiple facts apparent at the scene and known to the officer, not just from the existence of cigarette rolling papers and their proximity to Ceron as a car passenger. The proximity of the rolling papers together with the other factors constituted the probable cause necessary to support Ceron's arrest for constructive possession of drug paraphernalia and the subsequent lawful search.

The lack of evidence in the case at bar is also apparent when compared to the overwhelming evidence establishing probable cause in *State v. Predka*, 555 N.W.2d at 207. There, factors present were a strong odor of marijuana emanating from the car, defendant's nervous state and heavy breathing, and the officer's observation of ashes on the floor of the car near a screen, often used with a marijuana pipe, two ziplock bags containing urine, and a box of plastic bags often used by drug dealers.

The factual scenarios in *Ceron* and *Predka*, stand in stark contrast to the scene surrounding the arrest of Horton. In *Ceron* and *Predka*, the State produced evidence of several factors to support a finding of a nexus between a suspected crime and the defendant. Probable cause did not depend for reasonableness on the articulable suspicion of the officer. Probable cause was clearly established by demonstrable evidence.

In contrast, the case at bar shows that there is no nexus between Horton and the dead roaches in the car's ashtray. There is no evidence that Horton had smoked one or both of the cigarettes, that the truck cab smelled of marijuana smoke, that Horton's eyes were bloodshot, that she was making excited movements, that police knew Horton to be a drug user, or of any other fact that might make it not just possible but probable that Horton was the owner or a user of the contraband. Constructive possession of the marijuana cigarettes by Horton was not established by probable cause. The mere fact that Horton was sitting within arm's reach of the marijuana cigarettes cannot establish probable cause to arrest her. The State has not met its burden to show that the search incident to a lawful arrest exception to the warrant requirement applies.

Because no probable cause was present to arrest Horton, a timely motion to suppress the evidence of the illegal drugs, *i.e.*, a bag of marijuana, possessed by Horton would have been successful. Prejudice is apparent in such a scenario. *State v. Rhiner*, 352 N.W.2d 258, 261 (Iowa 1984); *State v. Hrbek*, 336 N.W.2d 431, 436 (Iowa 1983).

I believe that the Fourth Amendment assurance against unreasonable searches of passengers in automobiles has in this case been violated. I would hold that Horton's constitutional rights under the Fourth Amendment have been violated, that counsel was ineffective for failing to raise this issue, reverse the conviction, and remand for a new trial.