# IN THE COURT OF APPEALS OF IOWA

No. 16-1614
Filed November 8, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ROY A. HALVERSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

A defendant appeals his convictions for possession of methamphetamine with intent to deliver and possession of clonazepam with intent to deliver. **AFFIRMED.**

Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Roy Halverson appeals his convictions for possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(c) (2015), and possession of clonazepam with intent to deliver, in violation of Iowa Code section 124.401(1)(d). On appeal, he argues the district court erred in denying his motion to suppress evidence purportedly obtained in violation of his constitutional protections against unreasonable search and seizure. He also argues there is insufficient evidence to support his methamphetamine conviction.

I.

One night, the Cedar Falls Police Department received a report a man, later identified as Halverson, tried to pull a teenaged girl into a secluded area of an apartment complex. It was also reported the man tried to sell drugs in the apartment complex.

The police responded to the report and, upon arriving at the complex, located a group of people outside the complex, including the teenaged girl. The girl stated Halverson approached her after she stepped out of her apartment to make a phone call. He grabbed the teen's wrist and pulled her toward a more secluded area of the apartment complex but let go of her after a few steps. At some point in this encounter, Halverson told the girl he was "packing heat" and they should go into the main portion of the apartment complex. The teen was scared. Once inside the main portion of the apartment complex, the girl witnessed Halverson offer to sell drugs to her brother and his friends, who happened to be in the main portion of the complex. Halverson unscrewed the

back of a flashlight and pulled out several clear baggies, some containing pills and others containing a white substance. Halverson told the girl's brother "one was better than the other."

After listening to the teen's recollection of events, the responding officer asked the group for a description of Halverson. Around the same time, Halverson exited the apartment complex, and the group pointed him out to the officer. The officer approached Halverson and patted him down. The officer found no weapons, but she did find three cell phones, several condoms, a keychain with a pill vial attached, and a mini flashlight. The officer opened the pill vial and discovered several pills. She placed these items on the front of her cruiser and arrested Halverson. Once at the police station, the flashlight was opened and the drugs inside were identified as methamphetamine and clonazepam. The methamphetamine was packaged into multiple baggies.

Halverson was charged with three counts: count I, possession of methamphetamine with intent to deliver; count II, attempting to entice a minor; and count III, possession of clonazepam with intent to deliver. Halverson moved to suppress the drugs found in the pill vial and in the flashlight, arguing the search of his person and seizure of these items violated his rights under the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. The district court denied Halverson's motion. Following a trial on the minutes of testimony, the district court convicted Halverson on counts I and III.

II.

We first address Halverson's search-and-seizure claim. The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect the right to be free from unreasonable searches and seizures. The touchstone of any search-and-seizure claim is reasonableness under the circumstances presented. *See Pennsylvania v. Mimms*, 434 U.S. 106, 108–09 (1977) ("The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all circumstances of the particular governmental invasion of a citizen's personal security.'" (citation omitted)); *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002) ("The Fourth Amendment imposes a general reasonableness standard upon all searches and seizures.").

A search incident to arrest is reasonable within the meaning of the Fourth Amendment and article I, section 8 of the Iowa Constitution. *See State v. Peterson*, 515 N.W.2d 23, 25 (Iowa 1994) ("[W]e hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973))). A search incident to arrest "allows a police officer 'to search a lawfully arrested individual's person and the immediately surrounding area without a warrant.'" *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008) (citation omitted). The scope of the search is limited to "circumstances in which the security of an arresting officer is implicated . . . or when the arrested person is within reach of contraband and thus able to attempt to destroy or conceal it." *State v. Gaskins*, 866 N.W.2d 1, 15 (Iowa 2015). "[A] search incident to an arrest

need not be made *after* a formal arrest if it is substantially contemporaneous with it, *provided probable cause for the arrest existed* at the time of the search." *Peterson*, 515 N.W.2d at 25. So long as probable cause for an arrest existed at the time of the search, evidence seized remains admissible pursuant to the search-incident-to-arrest doctrine. *See State v. Harvey*, 242 N.W.2d 330, 339 (Iowa 1976).

The district court denied Halverson's motion to suppress on the ground the search was conducted incident to Halverson's arrest. Halverson contends this was error because the arresting officer lacked probable cause to arrest him. We disagree. "Probable cause is present 'if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it.'" *State v. Freeman*, 705 N.W.2d 293, 298 (Iowa 2005) (citation omitted). The officer testified she was going to arrest Halverson for at least simple assault, presumably based on the teen's claims that Halverson grabbed her, pulled her toward a dark portion of the apartment complex, and intimated he had a gun. That is sufficient to establish probable cause supporting an arrest for assault. *See* Iowa Code § 708.1 (defining assault); *State v. Horton*, 625 N.W.2d 362, 365 (Iowa 2001) (noting probable cause does not require evidence firm enough to lead to indictment or conviction and determining probable cause is based on practical considerations).

Halverson contends the search-incident-to-arrest doctrine is inapplicable here because he could not have been arrested without a warrant for the offense of simple assault. Specifically, Iowa Code section 804.7(3) authorizes a

warrantless arrest only for an indictable offense, and simple assault is not an indictable offense. This claim is not preserved for appellate review. Halverson did not present this issue to the district court or obtain a ruling on this issue. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (setting forth error preservation rules); *State v. Manna*, 534 N.W.2d 642, 644 (Iowa 1995). Even if error had been preserved, Halverson would not be entitled to relief. The arrest was authorized pursuant to Iowa Code section 804.7(2). In addition, an arrest under section 804.7(3) "is lawful if the facts available to the officer at the time of arrest provide reasonable ground for believing an indictable offense has occurred and the arrestee committed it—even if the officer announces a lesser offense as the reason for the arrest." *Veatch v. City of Waverly*, 858 N.W.2d 1, 9 (Iowa 2015). The officer testified she intended to arrest Halverson for at least simple assault, there were reasonable grounds to believe an indictable offense occurred based on the teen's account that Halverson threatened her with a gun, although he ultimately was not in possession of a gun, and as evidenced by Halverson's eventual charge for attempting to entice a minor. Halverson's argument is thus unavailing.

Halverson asks this court to interpret the Iowa Constitution more strictly than the Federal Constitution. He argues the search-incident-to-arrest doctrine should not be applicable unless the defendant is actually arrested prior to the search. As a general matter, we note litigants frequently make the request to interpret article I, section 8 "more strictly" or "more broadly" than the Fourth Amendment. It is true that "[d]epending upon the particular issue, our precedents interpreting article I, section 8 may provide greater or lesser protection than

cases interpreting the Fourth Amendment." *State v. Bohl*, No. 15-1546, 2016 WL 4543957, at *1 (Iowa Ct. App. Aug. 31, 2016). However,

> [t]he right question, is not whether a state's guarantee is the same as or broader than its federal counterpart as interpreted by the Supreme Court. The right question is what the state's guarantee means and how it applies to the case at hand. The answer may turn out the same as it would under federal law. The state's law may prove to be more protective than federal law. The state law also may be less protective. In that case the court must go on to decide the claim under federal law, assuming it has been raised.

*Id.* at *2 (quoting *Hulit v. State*, 982 S.W.2d 431, 437 n.11 (Tex. Crim. App. 1998)).

Turning to the specific question presented, we question whether this issue was preserved for appellate review. Regardless, on the merits, we decline the invitation to deviate from established federal law. "We usually interpret the scope and purpose of the Iowa Constitution's search and seizure provisions to track with federal interpretations of the Fourth Amendment." *Christopher*, 757 N.W.2d at 249. Halverson has not presented any compelling rationale to deviate from established law in the area, and we see none. The touchstone of any Fourth Amendment inquiry is reasonableness under the circumstances presented. *See Mimms,* 434 U.S. at 108–09; *Kreps*, 650 N.W.2d at 641. It is imminently reasonable, within the meaning of the federal and state constitutions, for an officer who intends to arrest an individual based on probable cause to search the individual immediately prior to, substantially contemporaneous with, or immediately after an arrest. *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Where [a] formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search

preceded the arrest rather than vice versa."); *Peterson*, 515 N.W.2d at 25. Neither the connotation nor the denotation of the word "incident" demands the conclusion that a search "incident" to arrest can be conducted only immediately after formal arrest. Instead, the search only need be "connected with" the formal arrest. *See Incident, Black's Law Dictionary* (7th ed. 1999) ("Dependent upon, subordinate to, arising out of, or otherwise connected with something else."). Finally, if Halverson seeks to break with established law, his efforts are better directed to the supreme court for constitutional relief or the legislature for statutory relief. *See Spencer v. Philipp*, No. 13-1887, 2014 WL 4230223, at *2 (Iowa Ct. App. Aug. 27, 2014) ("As a general rule, the task of materially altering substantive or procedural rights is best left to the General Assembly or the Supreme Court of Iowa.").

For the foregoing reasons, we affirm the district court's denial of Halverson's motion to suppress evidence. Because we conclude the search at issue was lawfully conducted incident to Halverson's arrest, we need not address his claims regarding the application of the doctrine of inevitable discovery.

III.

We next address the challenge to the sufficiency of the evidence supporting the conviction for possession of methamphetamine with intent to deliver. The State was required to prove beyond a reasonable doubt: 1) That on or about April 30, 2015, Halverson in Black Hawk County, Iowa knowingly possessed methamphetamine; 2) Halverson knew that the substance he possessed was methamphetamine; and 3) Halverson possessed the substance with the intent to deliver a controlled substance. *See* Iowa Code § 124.401.

Halverson only challenges the sufficiency of the evidence supporting the third element.

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). A verdict is upheld when it is supported by substantial evidence. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). Evidence is substantial when the quantum and quality of evidence is sufficient to "convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 76. In conducting our review, "we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record." *State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006).

When the evidence is viewed in the light most favorable to the State, there is sufficient evidence Halverson intended to deliver the methamphetamine. Here, the teenager saw Halverson pull out a baggie of pills and another baggie with a white substance from the flashlight and try to sell them to her brother and his friends. She also heard Halverson state one was better than the other, indicating Halverson had two different products, one of which was methamphetamine, for sale. The methamphetamine was packaged into individual units, which supports an inference the methamphetamine was packaged for resale. *See State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006). While Halverson is correct that there was no evidence he was carrying enough cash to infer he was in the business of selling methamphetamine, the fact is not dispositive. The issue is whether the evidence, when viewed in the light most favorable to the State, establishes guilt beyond a reasonable doubt. Here it does.

IV.

For these reasons, we hold the district court did not err in denying the motion to suppress evidence and sufficient evidence supports the conviction for the possession of methamphetamine with intent to deliver. The defendant's convictions are affirmed.

**AFFIRMED.**